IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:18-cv-01049-TDS-JEP

| | | |
|---|---|---|
| ADINA LONG, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT SOUTH UNIVERSITY |
| | ) | AND JOHN SOUTH III's ANSWER |
| EDUCATION MANAGEMENT | ) | AND AFFIRMATIVE DEFENSES TO |
| CORPORATION (EDMC), SOUTH | ) | PLAINTIFF'S COMPLAINT |
| UNIVERSITY, DREAM CENTER | ) | |
| HOLDINGS, LLC, and | ) | |
| JOHN SOUTH III, | ) | |
| | ) | |
|     Defendants. | ) | |

___

DEFENDANTS South University and John South III (collectively, "the South Defendants"), by and through the undersigned counsel, submit the following Answer and Affirmative Defenses to the *pro se* Complaint filed by Plaintiff Adina Long ("Plaintiff" or "Long").

## FIRST DEFENSE

Defendants respond to the individually numbered paragraphs of the Complaint as follows:[1]

## Complaint for Employment Discrimination

### I.    The Parties to the Complaint

---

[1] Long filed a *pro se* Complaint for Employment Discrimination on the form provided by the Court and attached thereto a Complaint for Monetary Relief and Jury Demand, which appears to have been drafted by her former attorney Amos Jones but signed by Long as demonstrated by the signature block. The South Defendants first answer the *pro se* Complaint for Employment Discrimination, followed by their answer to the Complaint for Monetary Relief and Jury Demand.

1

A. The South Defendants admit Long brings this action on behalf of herself but are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Long's current address, telephone number and email address, and therefore deny the same.

B. The South Defendants admit Long brings this action against Defendants Education Management Corporation (EDMC), South University, Dream Center Holdings, LLC, and John South III but other than South University and John South III, the South Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning current address, telephone number and email address for EDMC and Dream Center Holdings, and therefore deny the same. Furthermore, the South Defendants deny that South University is currently "under Dream Center."

C. The South Defendants admit that Plaintiff sought employment and was employed at South University's High Point, North Carolina location.

## II. Basis for Jurisdiction

The South Defendants admit that Plaintiff purports to bring this action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("§1981"). The South Defendants deny that either of them have committed any acts or omissions towards Long in violation of Title VII, § 1981, or any of her purported state law claims, deny that Plaintiff has suffered any form of discrimination, and deny that Plaintiff is entitled to any relief whatsoever in this action. The South Defendants admit that this Court has subject matter jurisdiction over Plaintiff's Title VII claims alleged in this matter only to the extent that Plaintiff has exhausted all administrative remedies as to these

claims. The South Defendants admit this Court has subject matter jurisdiction over Plaintiff's § 1981 race discrimination claims. The South Defendants deny that Plaintiff has asserted a basis for this Court's jurisdiction over her state law claims. Except as specifically admitted, the allegations are denied.

III. **Statement of Claim**

    A. Denied.

    B. Denied.

    C. Denied.

    D. Denied.

    E. Denied.

IV. **Exhaustion of Federal Administrative Remedies**

    A. The South Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Except as specifically admitted, the allegations are denied.

    B. The South Defendants admit the EEOC issued a Notice of Right to Sue letter to Plaintiff on or about September 27, 2018.

V. **Relief**

The South Defendants deny that Plaintiff is entitled to the relief requested or entitled to any relief.

VI. **Certification and Closing**

No response is required.

**Complaint for Monetary Relief and Jury Demand**

<u>Preliminary Statement</u>

1.  The South Defendants admit that Plaintiff is an African-American female, who purports to bring this action against the South Defendants, EDMC and Dream Center Holdings for race and gender discrimination under § 1981 and race discrimination under Title VII. The South Defendants deny that either of them have violated Title VII or § 1981, deny that Plaintiff has suffered any form of discrimination, and deny that Plaintiff is entitled to any relief whatsoever in this action.

2.  Denied.

3.  The South Defendants deny that either of them have violated any law, statute or regulation with respect to Plaintiff. The South Defendants admit that Plaintiff attached a notice of right to sue to her Complaint but deny that she timely filed her Title VII claim. Except as specifically admitted, the South Defendants deny any remaining allegations in paragraph 3.

<u>PART I. PARTIES</u>

4.  Admitted.

5.  Admitted.

6.  The allegations in paragraph 6 contain a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

7.  The allegations in paragraph 7 contain a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## PART II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. The South Defendants admit that Plaintiff filed a Charge with the EEOC. The South Defendants admit that EEOC issued a Notice of Right to Sue on September 27, 2018 but are without sufficient knowledge or information to form a belief as to when the EEOC mailed the notice. Except as specifically admitted, the South Defendants deny any remaining allegations in paragraph 8.

9. The allegations in paragraph 9 contain a legal conclusion to which no response is required.

## PART III. JURISDICTION & VENUE

10. The South Defendants admit that this Court has subject matter jurisdiction over Plaintiff's Title VII claims alleged in this matter only to the extent that Plaintiff has exhausted all administrative remedies as to these claims. The South Defendants admit this Court has subject matter jurisdiction over Plaintiff's § 1981 race discrimination claims. The South Defendants deny that Plaintiff has asserted a basis for this Court's jurisdiction over her state law claims. Except as specifically admitted, the allegations in paragraph 10 are denied.

11. The South Defendants admit that this Court may choose to exercise supplemental jurisdiction over Plaintiff's state law claims. The South Defendants deny that either of them have committed any acts or omissions with respect to Long in violation of any state law, statute or regulation. Except as specifically admitted, the South Defendants deny the allegations in paragraph 11.

12. The South Defendants admit that venue is proper in this Court. Except as specifically admitted, the South Defendants deny the allegations in paragraph 12.

13. Paragraph 13 contains legal conclusions for which no response is required. To the extent a response is required, the South Defendants admit that EDMC was formerly the parent company to South University. Except as specifically admitted, the South Defendants deny the allegations in paragraph 13.

14. Paragraph 14 contains legal conclusions for which no response is required. To the extent a response is required, the South Defendants admit that Dream Center Holdings was the parent company to South University. Except as specifically admitted, the South Defendants deny the allegations in paragraph 14.

15. Denied.

## PART IV. STATEMENT OF FACTS

1. The South Defendants admit that Plaintiff was employed by South University as a financial aid officer and her date of hire was August 20, 2012. Except as specifically admitted, the South Defendants deny the allegations in paragraph 1.

2. The South Defendants admit that Plaintiff, like all employees, had important responsibilities. Except as specifically admitted, the South Defendants deny the allegations in paragraph 2.

3. The South Defendants admit that Plaintiff applied for the position of Director of Financial Aid in September 2017. The South Defendants admit that Plaintiff was not interviewed for the position, nor was she selected for the position. Except as specifically admitted, the South Defendants deny the allegations in paragraph 3.

4. Denied.

5. Denied.

6. The South Defendants admit that during 2016 Plaintiff applied for a different position within South University and was interviewed for the position. Except as specifically admitted, the South Defendants deny the allegations in paragraph 6.

7. Denied.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

COUNT ONE – DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

1. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

2. The South Defendants admit that Plaintiff is an African-American female. The remainder of paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

## COUNT TWO – DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000

7. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

8. The South Defendants admit that Plaintiff is African-American. The remainder of paragraph 8 contains a legal conclusion to which no response is required.

9. The South Defendants admit that South University is an employer under Title VII. The remainder of paragraph 9 contains a legal conclusion to which no response is required.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## COUNT THREE – RETALIATION IN VIOLATION OF 42 U.S.C. § 2000

15. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

16. Paragraph 16 contains legal conclusions to which no response is required.

17. The South Defendants admit that South University is an employer under Title VII. The remainder of paragraph 17 contains a legal conclusion to which no response is required.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT FOUR – BREACH OF CONTRACT

23. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT FIVE – INTENTIONAL MISREPRESENTATION

28. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

29. Denied.

30. Denied.

31. Denied.

## COUNT SIX – NEGLIGENT MISREPRESENTATION

32. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## COUNT SEVEN – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

37. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT EIGHT - CONVERSION

42. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

43. Denied.

44. Denied.

## COUNT NINE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The South Defendants incorporate herein each of their answers to the foregoing paragraphs as set forth above.

46. Denied.

47. Denied.

## REQUESTED RELIEF

1. The South Defendants deny that Plaintiff is entitled to the relief requested or to any relief.

**SECOND DEFENSE**

Plaintiff has failed to state a claim for which relief can be granted.

**THIRD DEFENSE**

Plaintiff's Title VII claims should be dismissed to the extent she failed to exhaust her administrative remedies.

**FOURTH DEFENSE**

Plaintiff's Title VII claims should be dismissed to the extent she did not timely file her federal complaint.

**FIFTH DEFENSE**

Plaintiff's Title VII claims should be dismissed to the extent she seeks to bring a Title VII claim against John South III, an individual.

**SIXTH DEFENSE**

The South Defendants deny any and all liability for punitive damages for any alleged acts of their employees which are contrary to the South Defendants' good faith efforts to comply with Title VII and Section 1981.

**SEVENTH DEFENSE**

The South Defendants' actions with respect to Plaintiff were at all times undertaken in good faith and were not malicious, reckless or willful.

**EIGHTH DEFENSE**

Plaintiff failed to avail herself of South University's policies and procedures with respect to reporting allegations of gender and race discrimination.

### NINTH DEFENSE

Any adverse action taken by the South Defendants with regard to Plaintiff was justified by legitimate, nondiscriminatory reasons, and reasonable factors unrelated to any unlawful purpose.

### TENTH DEFENSE

The South Defendants deny liability and deny that Plaintiff has sustained damages. In the alternative, Plaintiff's damages, if any, should be reduced to the extent she has failed to mitigate her damages. Additionally, if liability is established, Defendants are entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings or compensation Plaintiff could have earned had she made a reasonable effort to mitigate her damages as required by law.

### ELEVENTH DEFENSE

To the extent the South Defendants discover, during the course of this action, that Plaintiff engaged in conduct that would warrant discharge or other employment action under any of the South Defendants' policies, practices, or procedures, Plaintiff's alleged damages should be limited or barred in accordance with the after-acquired evidence doctrine, and Defendants reserve the right to assert the after-acquired doctrine, and Defendants reserve the right to assert the after-acquired evidence doctrine.

## TWELFTH DEFENSE

To the extent Plaintiff's claims differ from, were not included in, or exceed the scope of the charge of discrimination she filed with the EEOC, the Court lacks subject matter jurisdiction over these claims.

## THIRTEENTH DEFENSE

The South Defendants state that even if the Plaintiff is able to prove that a prohibited factor motivated the South Defendants' alleged employment action, which the South Defendants expressly deny, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims must fail.

## FOURTEENTH DEFENSE

To the extent Plaintiff requests punitive damages, such damages, if granted by the Court would deprive the South Defendants of their rights under the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution and Article I, ¶¶ 19 and 27 of the North Carolina Constitution.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred by doctrines of waiver, estoppel and/or unclean hands.

## SEVENTEENTH DEFENSE

Plaintiff's employment was at-will, and no contractual obligations arose from it.

## EIGHTEENTH DEFENSE

The South Defendants reserve the right to supplement their affirmative defenses as additional information becomes available during the course of discovery.

DATED: March 15, 2019                    Respectfully submitted,

                                                      By:    /s/ Regina W. Calabro
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
T: 919.787.9700
F: 919.783.9412
gina.calabro@ogletree.com

*Attorneys for South University and John South III*

**CERTIFICATE OF SERIVCE**

The undersigned hereby certifies that on March 15, 2019, she filed the foregoing *Defendant South University and John South III's Answer and Affirmative Defenses* with the Clerk of the Court for the U.S. District Court for the Middle District of North Carolina via the Court's ECF filing system, with a copy sent to the *pro se* plaintiff below the ECF system and via U.S. Mail, first class, postage prepaid:

Ms. Adina Long
905 Hanahan Court
Unit 3D
Greensboro, NC 27409

*Pro Se Plaintiff*

/s/ Regina W. Calabro
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27608
gina.calabro@ogletree.com

*Attorneys for South University and John South III*

37737471.1

15

Case 1:18-cv-01049-TDS-JEP   Document 14   Filed 03/15/19   Page 15 of 15